UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3728 FMO (JPRx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Navid Keshavarz-Nia v. Raytheon (CA) Technologies Corporation, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Remanding Action

On April 12, 2023, Navid Keshavarz-Nia ("plaintiff") filed a Complaint in the Los Angeles Superior Court against Raytheon Company[1] ("defendant") asserting four causes of action: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940, et seq.; (2) retaliation in violation of FEHA; (3) failure to investigate and prevent discrimination in violation of FEHA; and (4) violation of Labor Code § 1102.5.  (See Dkt. 1, Defendant's Notice of Removal [] ("NOR") at ¶ 1); (id., Exhibit ("Exh.") 1, Complaint at ¶¶ 35-73).  On May 16, 2023, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a).  (See Dkt. 1, NOR at ¶ 6).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing

---

[1] Defendant was erroneously sued as entities "Raytheon (CA) Technologies Corporation" and "Raytheon Technologies Inc."  (See Dkt. 1, NOR at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3728 FMO (JPRx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Navid Keshavarz-Nia v. Raytheon (CA) Technologies Corporation, et al. | | |

defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[2]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The court's review of the NOR and the attached Complaint makes clear that the court does not have subject matter jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3]  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted).  Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332(a).[4]

As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-1, NOR, Exh. 1, Complaint; Dkt. 1, NOR at ¶ 17).  However, defendant contends that the amount in controversy exceeds the jurisdictional threshold based on plaintiff's request for relief.  (See Dkt. 1, NOR at ¶¶ 19-29).  But defendant has not shown that it is more likely than not that plaintiff's

---

[2] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[3] Defendant seeks only to invoke the court's diversity jurisdiction.  (See, generally, Dkt. 1, NOR).

[4] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3728 FMO (JPRx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Navid Keshavarz-Nia v. Raytheon (CA) Technologies Corporation, et al. | | |

request for relief would fulfill the amount in controversy requirement. (See, generally, id.). For the most part, defendant essentially cites to plaintiff's alleged injuries and requested forms of relief as proof, ipso facto, that the amount plaintiff seeks meets the amount in controversy requirement. (See id.). Defendant's calculation is based on plaintiff's alleged lost wages from the time plaintiff would have received a salary increase due to a promotion through trial in this action, (see id. at ¶¶ 21-22), as well as emotional distress damages (id. at ¶¶ 23-24), attorney's fees, (id. at ¶¶ 25-26), and punitive damages. (See id. at ¶¶ 27-28). But defendant fails to adequately support its claims for emotional distress damages, attorney's fees, and punitive damages with underlying facts. (See, generally, id. at ¶¶ 23-28). Such unsubstantiated assertions cannot satisfy the amount in controversy requirement of § 1332(a). See, e.g., Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever. . . . [to] overcome[] the strong presumption against removal jurisdiction, [and did not] satisf[y defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds $[75],000") (internal quotation marks omitted) (emphasis in original).

Defendant's calculation of plaintiff's alleged lost wages is similarly unpersuasive. Defendant states that plaintiff is currently employed with defendant as a full-time, exempt employee. (See Dkt. 1, NOR at ¶ 22). In 2021, plaintiff's salary was $206,876.80. (See id.). Had plaintiff received the June 2020 promotion about which he now complains, he would have received a salary increase of about six-percent (i.e., $12,412.61) instead of the 2.5% he received (i.e., $5,171.92), reflecting an annual salary difference of $7,240.69 (i.e., $12,412.61 - $5,171.92). (See id.). Accepting defendant's assumption that trial in this matter will be held in April 2024, (id.), the amount of alleged lost wages would only amount to approximately $16,894.94 from the time plaintiff failed to receive a salary increase due to the alleged denial of the promotion (i.e., December 24, 2021) until the April 2024 trial. Plaintiff's alleged lost wages are far below the $75,000 threshold.

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez, 372 F.3d at 1117.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 23-3728 FMO (JPRx)** | Date | **June 5, 2023** |
|---|---|---|---|
| Title | **Navid Keshavarz-Nia v. Raytheon (CA) Technologies Corporation, et al.** | | |

California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

   2.  The Clerk shall send a certified copy of this Order to the state court.


Initials of Preparer    gga